884 F.2d 1399
 13 U.S.P.Q.2d 1335
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The ORTLOFF CORPORATION, Plaintiff/Cross-Appellant,
v.
GULSBY ENGINEERING, INC. and Tenneco Oil Company, Defendant-Appellant.
 Nos. 89-1022, 89-1047 and 89-1048.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1989.
 
 Before FRIEDMAN, NIES and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Gulsby Engineering, Inc. and Tenneco Oil Company (collectively, G & T) appeal from the amended final judgment of the United States District Court for the Southern District of Texas-Houston Division, Ortloff Corp. v. Gulsby Eng'g, Inc., 706 F.Supp. 1295, 8 USPQ2d 1873 (S.D.Texas 1988). The district court held that the ethane recovery process used at Tenneco's Sabine Pass Plant, constructed by Gulsby, infringed claims 3 and 4 of United States Patent No. 4,278,457 ('457 patent) of the Ortloff Corporation; that the '457 patent was not invalid under 35 U.S.C. Secs. 112, 102 and 103 (1982); that the '457 patent is not unenforceable; and that G & T are guilty of unfair competition. G & T appeal the rulings adverse to it. Ortloff cross-appeals from that part of the judgment denying additional damages for its unfair competition claims and increased damages for patent infringement and attorney fees under 35 U.S.C. Secs. 284 and 285 (1982). We affirm the district court's judgment in all respects.
 
 OPINION
 Appeal Nos. 89-1022, -1048
 
 2
 1. G & T seek a remand on the ground that the district court made insufficient findings on the validity issues raised under sections 112, 102, and 103. While we agree that remand may be necessary where findings are conclusory, see, e.g., Loctite Corp. v. Ultraseal, Ltd., 781 F.2d 861, 872-73, 228 USPQ 90, 97-98 (Fed.Cir.1985), G & T has failed to persuade us that the findings here are so deficient that the basis for the decision is not apparent. Findings 54-59 distinguish "the prior art." In essence, G & T asserts that the prior art references have to be discussed individually, perhaps by name. However, G & T has failed to show clear error in the findings that were made, or that they are insufficient. With respect to obviousness, the court found that while all of the elements of the claimed process existed for years, the claimed improved process had not been developed, that others had failed, that the invention solved a long felt need, and that Gulsby deliberately copied the process. Ortloff Corp., 706 F.Supp. at 1306, 8 USPQ2d at 1882. That the court did not specifically discuss figure 9 does not deprive us of a reasoned analysis.
 
 
 3
 G & T attacks the dismissal of G & T's section 112 defenses because the court dealt with them summarily. That in itself does not convince us of error. G & T's belated effort in its reply briefs to show a genuine issue on best mode, by referencing some testimony in the record, is not only untimely, but unpersuasive.
 
 
 4
 In sum, we are unpersuaded that additional findings in this case might possibly disclose that the district court legally or factually erred in its judgment with respect to any of these issues.
 
 
 5
 2. G & T asserts that the court did not make findings that the substantial equivalent of each claim limitation was present in the accused process, arguing particularly that the limitation recited in part (3) of claim 3 was not met. The court in its infringement analysis found, inter alia, that : "Such mid-column feeds function to reduce the risk of icing in the demethanizer at Sabine Pass. There is no requirement that such function must be performed by a single and undivided mid-column feed." Ortloff Corp., 706 F.Supp. at 1302-03, 8 USPQ2d at 1879. It also found that "the effect of the mid-column feed is to dilute carbon dioxide in the regions of the demethanizer where icing is most likely to occur." Id. G & T have not persuaded us of any clear error in these findings or other pertinent findings regarding equivalence. The fact that the Sabine Pass Plant process may include additional steps for removing carbon dioxide that are not recited by the claimed process does not preclude infringement. Uniroyal v. Rudkin-Wiley, 837 F.2d 1044, 1057, 5 USPQ2d 1435, 1443-44 (Fed.Cir.), cert. denied, 109 S.Ct. 75 (1988).
 
 
 6
 We have considered G & T's arguments regarding the specification and prosecution history estoppel, but we are not convinced that the court's interpretation of the claims encompasses the prior art '964 patent or that an estoppel prevents a finding of infringement by the accused process.
 
 
 7
 3. On the defenses of patent misuse and inequitable conduct, the evidence cited does not convince us that findings 60-65 are clearly erroneous.
 
 
 8
 4. We see no need to review the substance of the court's ruling on unfair competition which appears to be a contingent position should this court reverse the court's ruling that Ortloff was not entitled to additional damages on that count. The court's damages ruling is affirmed for reasons that follow.
 
 Cross-appeal No. 89-1047
 
 9
 5. Ortloff attacks the district court's determination to deny additional damages for unfair competition. Given the nature of the proof here, we do not conclude that the court's method of determining damages on either count was an abuse of discretion. Moreover, we are unpersuaded that the evidence establishes Ortloff's entitlement to more than the profits Gulsby made, just because it proved two claims.
 
 
 10
 6. Ortloff has demonstrated no clear error in the findings underlying the court's denial of enhanced damages and an award of attorney fees.